Ariel Torres v. Starbucks Corporation Ariel Torres v. Starbucks Corporation Good morning, Ms. Colombo, when you're ready to proceed. Good morning, may it please the Court. We're here on a de novo appeal, which concerns whether a spouse who is also a beneficiary of an ERISA health care plan can avoid arbitration of his COBRA notice simply because his wife and not him signed the arbitration agreement as a condition of employment. So essentially what the plaintiff is trying to do in this case is avoid what a participant of an ERISA plan cannot do. So the plaintiff has admitted here that Torres, who's also a plaintiff by the way, that Torres is subject to arbitration for the same claim. But Torres actually signed the agreement. Correct. But here what we have is a claim by a beneficiary of the same plan. I understand that, but Mr. Lubin did not sign the agreement because the agreement was between his wife and Starbucks, and his wife was the employee of Starbucks. Right, Your Honor. But the agreement to arbitrate, which the wife signed, who is a direct participant of the ERISA plan, that agreement is what gave her the employment because it was a condition of employment. I understand that, but are you suggesting that if my husband signs something that I'm then bound by it? No, because here it's a derivative claim. It's a statutory claim that only arises because of his wife's employment, the employee here at ERISA. Is there anything in the agreement that says that Mr. Lubin, who did not sign this, would be bound by the arbitration agreement by the fact that he was a beneficiary to the plan? There isn't anything in the agreement that talks about non-signatories being bound, but there doesn't need to be because Florida law does enforce arbitration agreements against non-signatories indifferently. That's news to me because I have an opinion from the 3rd District Court of Appeal, Roth, which Florida law, and if you're not a signatory, you are not bound by an arbitration agreement you didn't sign. So I'm kind of curious, what case law do you have that supports that position? Well, there's numerous case law that was cited in our brief, and also the Gomez case. What's your best case? Well, the Gomez case, which lists a number of Florida cases that says under a third-party beneficiary, a non-party is bound by the agreement if they received more than an incidental or consequential benefit of the contract. Also, there's the Kong v. Allied case, which is an 11th Circuit case of 2014, recognized that Florida courts have a willingness to, depending on the circumstances, to compel non-signatories to arbitrate, including based on third-party beneficiary and estoppel principles. And also the Echol case, which is really the closest case in line here as to the facts. It's not a Florida case, but the Echol case, it was the same circumstance here, essentially, where you had a COBRA notice case, which is really what this case is about. The plaintiff claims here that he didn't get proper COBRA notice because the plan didn't name the administrator, where to send the payment, other technical alleged violations. The Echol case was the same thing. It was a COBRA notice case. And in that case, there was an arbitration agreement, and the court held the same thing as part of a condition of employment, which is not unusual to have an arbitration agreement as a condition of employment. And the court held, in that case, that the wife, who was also a plaintiff like this case, the woman's husband, is also bound to arbitrate her claim. That's directly on point. Appley claims it's dicta. It's not dicta at all. But there's a legion of cases that recognize these exceptions to non-signatories being compelled to arbitration. And it really depends, in large part, on the facts of each case and what the arbitration agreement holds. But as Gomez says, the arbitration agreement to bind a non-signatory does not have to mention a non-signatory. Here, the plaintiff's claims, they only arise out of his wife's employment. Her employment only arises out of the fact that she signed the arbitration agreement. Let me ask you a question about this. I take it that you're making sort of a but-for argument here, where you're saying, look, had the wife not been employed by Starbucks, had she not signed this agreement, then he would have not had health insurance, and then he would not have this COBRA-related cause of action. But when I look at Florida's law, I don't see that kind of but-for analysis. I see it more as a third-party beneficiary analysis. Am I misunderstanding Florida law? No, there's two situations, I think, that apply here, which is the estoppel as well as the third-party beneficiary. And aren't both of those situations where someone is claiming the benefit of the contract? Well, here he is. Well, and also they're getting the benefits, and they have to accept the burdens as well. Right, right. I mean, you've got this kind of but-for, like, you know, had she not been employed by Starbucks and she would have signed the contract, then he wouldn't have gotten the insurance, then he wouldn't have the COBRA case. But is there any part of the contract that he is claiming to benefit from? Well, from the arbitration agreement gave his wife employment. And I know we have to take an extra step because it is unusual circumstance. Like I say, the closest case is ECHL. But her employment gave the benefit, gave the option to participate in vision benefits or the health – well, overall the health care plan. But here the plaintiff only had vision care benefits. And so if she did not sign that arbitration agreement, she would not have employment with Starbucks. I mean, we can't ignore that because that was a condition of employment. Okay. Well, let me give you this – let me just give you this hypothetical. Let's say that my wife works at Starbucks. And as a condition of her employment, she had to sign an employment agreement that has an arbitration clause in it. And I go to see her at Starbucks. Wouldn't have gone to see her at Starbucks if she didn't work there. She wouldn't work there if she had not signed the employment agreement. And on the way to Starbucks or at Starbucks, I slip and fall and I wreck my back. Is my tort claim against Starbucks subject to the arbitration agreement because I wouldn't have gone to see her had she not worked there? She would not have worked there had she not signed the agreement? No, that is – What's the difference between that case and this case? That is a different situation altogether. Because here, in getting back to what the claim is about, this is a statutory COBRA – alleged COBRA violation. If she had fallen, it would be a statutory workers' comp claim, correct? So, would Judge Brasher, if he had fallen then, would he then have a workers' comp claim? No. That's statutory? Well, actually, it's excluded in the arbitration contract. The point is, what is different about that chain of events? They all start with the employment. They all end with the spouse filing a lawsuit. What is different about that chain of events that would say, that doesn't have – you know, my hypothetical, there's no need to arbitrate because you're not party to the arbitration clause. But here, there's something about this that says, no, this is something that is arbitrary. Because this is the uniqueness of COBRA itself. Because the arbitration agreement here says, arising out of employment, including the termination of employment. The termination of employment led to a qualifying event. The qualifying event was the notice at issue here. So, it's more directly related than if somebody should fall inside, you know, Starbucks. It's a completely different situation. Okay. Let me ask you, before you sit down, there's one question. I was confused about this in your brief. So, there's a delegation clause issue here? Yes. Do we have to decide whether the arbitration agreement is enforceable against the plaintiff before we decide whether the delegation clause is enforceable against the plaintiff? Do you understand what I'm saying? Well, I would suggest that the delegation clause be considered first. Yeah. So, let's consider the delegation clause first. To consider that, before we would say we're going to send this to an arbitrator for determining arbitrability on the delegation clause, don't we, before we get there, have to determine whether at least the delegation clause is enforceable against the plaintiff? Yes. I would agree with that, Your Honor. I also wanted to mention to the panel, as well, is that there is a strong policy. It still exists, despite Atlee's argument in their brief. There is a strong policy that does favor arbitration, and that's in Florida law as well as federal law. And I see that my time's up, so I will sit down. Thank you, Ms. Colombo. You have five minutes remaining for rebuttal. Mr. Hill, are you ready to proceed? Yes, Your Honor. Thank you. May it please the Court. Brandon Hill from Plaintiff, Ralph Ayer, Lubin, and Apelli. Your Honor, we agree with the district court, obviously, and really with all of the court's arguments from today. Mr. Lubin never worked at Starbucks. Mr. Lubin had no agreement with Starbucks. There was no offer. There was no acceptance. There was no meeting of the minds, and just no agreement exists between Mr. Lubin and Starbucks, and that's undisputed. The only way for Starbucks to enforce his wife's arbitration agreement against him is if some exception applies, and for all of the reasons in the district court's order, none of the exceptions actually apply. Sort of taking them in turn, as a threshold matter, we dispute that there's a sufficient relationship between Mr. Lubin's claims and his wife's arbitration agreement. In fact, Mr. Lubin's claims exist completely independent of his wife's arbitration agreement. His claims arise under ERISA. They belong to him. They don't belong to his wife. He's not suing on his wife's agreement. He's not seeking to enforce that agreement. He's seeking to enforce his own statutory rights under ERISA. In terms of the defense arguments that have been raised, taking them in turn, the equitable estoppel arguments raised by Starbucks fail, and equitable estoppel is reserved for instances, according to the case law, including the Bahama sales case, where a plaintiff is trying to have it both ways. In other words, a plaintiff can't sue on a contract on one hand, but then on the other hand, deny provisions of the agreement he or she finds unfavorable, including an arbitration agreement. Here, again, Mr. Lubin isn't suing on any contract whatsoever, so there are no equitable issues raised. It's not unfair for him to seek to enforce his rights under ERISA because they have nothing to do with the agreement his wife entered into with Starbucks. I also wanted to address the but-for arguments that we heard earlier. According to the Bahama sales case from this court, a but-for relationship between the claims and the contract alone is not enough to warrant equitable estoppel. That's the Bahama sales case at page 1343. This court went on to say, as we noted above, for a party's claims to rely on a contract, the party must actually depend on the underlying contract to assert the claims. And here, that's just not been done. Mr. Lubin's claims are not asserted. They don't sound in contract. They're ERISA claims. They're statutory claims. Moving on to the third-party beneficiary arguments raised by counsel. Here, our best case is the Menendez case. It's a Florida Supreme Court case. There's no dispute that Florida contract law applies here. And Florida contract law makes clear, and this is the Menendez case at page 149, quote, Critically, the third-party beneficiary doctrine enables a non-contracting party to enforce a contract against a contracting party, not the other way around. So here, Mr. Lubin is the non-contracting party. Starbucks is the contracting party. Menendez says that Starbucks can't even raise the third-party beneficiary doctrine, and that's the Florida Supreme Court. The last line in Menendez I'd like to point out to the court, the Menendez court went on to say, The third-party beneficiary doctrine does not permit two parties to bind a third without the third party's agreement merely by conferring a benefit on the third party. And just like Judge Honeywell found in her order denying the Starbucks motion to compel an extension, Here, Menendez, applying Menendez to the facts here make clear that Mr. Lubin is not subject to a third-party beneficiary doctrine arguments raised by Starbucks. The Ray v. NPRTO case cited in our brief, that was Judge Moody out of the Middle District. That's at 322 F Sup 3D 1261. Judge Moody explains that the Florida Supreme Court in Menendez, quote, Draws a distinction between claims to enforce a contract and claims for other violations. Judge Moody goes on to say, The Menendez court held that the plaintiff's claims for negligence and statutory violations were not premised upon the contract signed between the nursing home and his son. Similarly, plaintiff's claims for violation of the TCPA case are not claims to enforce the lease. This is the same set of facts. Here, Mr. Lubin's claim arise under ERISA. They are completely separate from his wife and the arbitration agreement she entered into with Starbucks. Finally, with respect to the delegation arguments that we heard from counsel, There's actually another district court case out there, the Wilson v. Starbucks case that specifically addressed the delegation clause, the exact delegation clause at issue here and specifically denied the Starbucks motion to compel arbitration and held that because the delegation clause in the Starbucks agreement and the carve-out clause or exclusion clause contained within the Starbucks arbitration agreement, conflicted and because they were ambiguous, the court refused to compel arbitration. The delegation clause was not a problem for that plaintiff. And here we think that the court ought to follow, obviously, the Wilson case. And we'd ask that the court affirm the district court's order denying Starbucks motion to compel arbitration. And I really, I don't have much else. Does anyone have any questions? Thank you, Mr. Hill. Just to respond to Apley's arguments, the Mendez case did not turn Florida law on its head and say that non-signatories can never be bound by arbitration agreements. In fact, the Gomez case, which I cited earlier, that's post-Mendez. Mendez was limited to its own facts. A lot of these cases say that each case depends on the facts. So you talk about equitable estoppel, third-party beneficiary, as well as we can't ignore that this is a derivative claim. And the Eccle case, as I come back to, that case is this case, really. I mean, it's the only reported case where you have some factual circumstance. And the court had no problem saying, the wife in that case who was a beneficiary, like the husband here, brought COBRA notice violation claims. And her claim is derivative to his. The same situation applies here. And so the derivative nature of this case can't be ignored. And in Gomez, Judge Blum acknowledges that. And that looking at the context of the case as well is that the party that is trying to, the non-signatory. And again, we're not bound by something that Judge Blum did, correct? Correct. But she also cites to Florida cases and holding that third-party beneficiaries are bound by arbitration agreements. And also that inciting to cope, but is to look at the derivative nature. In the Gomez case, that was a bad faith claim. Also in the Kong case with the 11th Circuit case, in that case involved compelling arbitration of an insurance dispute. And the court said there, looking at Florida law, that Florida courts have exhibited a willingness to compel a number of different non-signatories to arbitrate. And of course, each case depends on the facts. And in that case, in Kong, it said a non-signatory to an arbitration agreement may be bound if the non-signatories receive something more than incident or consequential benefit of the contract. We have to back up here. And we talked about the but-for analysis. And again, that depends on the facts of the case. But here, this is a statutory claim that would never exist but for the fact that the plaintiff's wife signed the arbitration contract, which she had to sign to get employment with Starbucks. So if this court were to affirm the district court opinion, what we'd have is you'd have beneficiaries that could bring these purported class actions for COPA notice violations. But you would have participants, and in this case, plaintiff's wife, going to arbitration for the same claim, same notice. And even plaintiff admits that these claims are covered because the other plaintiff, Taurus, admitted these claims are covered under COBRA. So you're going to have, really, a situation where we have these COBRA notice violation cases that are really based on technicalities of not naming the plant administrator, not saying where payment is to go or where it's to be sent, and things of that sort. These technical type of claims under COBRA notice. And by the way, there's a COBRA notice. It just has to be reasonably understood. It doesn't have to follow any particular format. But anyway, that's what these claims are about, these purported class actions. So the case like Starbucks, you can have a class of, if it passed muster and a class certification, thousands and thousands of beneficiaries, if you will, in a class if it were certified. But on the other hand, you would have the direct participants, the employees, individually going to arbitration where their class claims are waived. So you're going to have this completely unwieldy, piecemeal result where you have the beneficiaries having a much greater right than the participants, which gave them that right to seek a statutory claim to begin with. As all these cases really say, when you're looking at third-party beneficiary and derivative as well as equitable estoppel, you can't look at it in a vacuum or just a myopic view. Did they sign the contract? Did they not sign the contract? And then we're done. That's not what the Florida case is holding. It's not what the 11th Circuit has held under other circumstances. And I see my time is up. And I want to thank the court for the time today. Thank you very much to both of you.